IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RANDALL PATRICK,                )
                                )
        Plaintiff,               )
                                )
    v.                          )           1:17-CV-218
                                )
CITIBANK/CARD SERVICES,         )
                                )
        Defendant.               )

# ORDER

This matter is before the Court on the defendant Citibank's motion to stay action and compel arbitration, the plaintiff's motion to remand, and the plaintiff's motion to expedite the proceedings. The Court will deny the motion to remand and the motion to expedite, and will grant the motion to compel arbitration.

The plaintiff contends the case should be remanded to state court. While his argument is not clear, it appears he contends that this court lacks subject matter jurisdiction, that he only asserts state law claims, and that out-of-state defendants should not be allowed to remove cases to federal court when the plaintiff has brought suit in the state where he lives. However, the complaint explicitly invokes federal laws in several places, and while the statutory citations are somewhat confusing, there is no doubt that he attempts to set forth violations of and claims under the Fair Credit Billing Act, 15 U.S.C. § 1666 et seq., the Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. This court has subject matter jurisdiction over such claims. 28 U.S.C. §§ 1331, 1332. The plaintiff's policy arguments

are inconsistent with the relevant statutes, and the plaintiff cannot defeat federal jurisdiction by a *post hoc* effort to disclaim federal causes of action. The motion to remand will be denied.

The motion to remand having been denied, the motion to expedite a decision on the motion to remand will be denied as moot.

The defendant has submitted evidence that the plaintiff and the defendant agreed to arbitrate the dispute at issue in this case. The plaintiff has not submitted any evidence in opposition to the motion to arbitrate, nor did the plaintiff file a brief opposing the motion. In his motion to remand the case to state court, the plaintiff appears to assert that defendant should be equitably estopped from seeking arbitration now because it never asked for arbitration during negotiations before suit was filed, that these pretrial negotiations constituted an arbitration and were unsuccessful, and that the motion to remand is not timely because it was not filed concomitantly with the notice of removal. *See* Doc. 10. He has submitted no legal authority for these propositions, and the Court is unaware of any legal basis supporting his arguments.

As the evidence is uncontroverted that the parties agreed to arbitrate the dispute at issue, the court so finds as a fact. The Court further concludes the motion to compel arbitration should be granted.

It is **ORDERED** that:

1. The plaintiff's motion to remand, Doc. 10 is **DENIED**.
2. The plaintiff's motion to expedite, Doc. 11, is **DENIED** as moot.

3. The defendant's motion to stay and compel arbitration, Doc. 6, is **GRANTED**, and this case is **STAYED** pending arbitration proceedings. Upon completion of those proceedings, any party may move to reopen for any appropriate purpose. In the absence of such a motion, the case will be closed and terminated on January 31, 2018.

This the 26th day of April, 2017.

_____
UNITED STATES DISTRICT JUDGE